UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL BRENDON JACOBS, et al., | No. 2:24-cv-1143 TLN DB PS |
| Plaintiffs, | |
| v. | ORDER AND |
| TRUSTEES OF PRINCETON UNIVERSITY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

This matter was removed from the Placer County Superior Court on April 17, 2024. (ECF No 1.) Plaintiffs Joel Brendon Jacobs and Kathleen Chambers are proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21). On May 16, 2024, plaintiffs filed a motion to remand. (ECF No. 8.) On May 29, 2024, defendant Trustees of Princeton University filed a statement of non-opposition. (ECF No. 13.) For the reasons explained below, the undersigned will recommend that plaintiffs' motion to remand be granted.

////
////
////
////

1

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on March 20, 2024, by filing a complaint in the Placer County Superior Court. (ECF No. 1.) The original complaint alleged, generally, that plaintiff Joel Jacobs was subjected to discrimination and harassment while employed "with Georgetown University and Princeton University[.]" (ECF No. 1 at 7.[1]) Defendant Trustees of Princeton University removed the matter to this court pursuant to the court's federal question jurisdiction. (ECF No. 1 at 2.)

On May 8, 2024, defendant filed a motion to dismiss. (ECF No. 4.) On May 16, 2024, plaintiffs filed an amended complaint. (ECF No. 7.) That same day plaintiffs filed a motion to remand, as well as motions to proceed in forma pauperis. (ECF Nos. 8-10.) On May 22, 2024, plaintiffs filed a motion for sanctions. (ECF No. 12.) On May 29, 2024, defendant filed a statement of non-opposition to plaintiffs' motion to remand. (ECF No. 13.) On May 30, 2024, defendant filed a motion to dismiss plaintiffs' amended complaint, but incorrectly noticed it for hearing before the assigned District Judge. (ECF Nos. 15-16.)

**ANALYSIS**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the
2  obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v.
3  Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court
4  cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

5  The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer
6  "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be
7  conferred by federal statutes regulating specific subject matter. "[T]he existence of federal
8  jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
9  those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
10 1108, 1113 (9th Cir. 2000).

11 As acknowledged by plaintiffs and defendant, plaintiffs' amended complaint does not
12 allege a federal claim and, thus, does not present a federal question. (ECF No. 8 at 4; ECF No. 13
13 at 2.) "If the federal claims that served as the basis for removal are eliminated, the district court
14 has discretion to decline to exercise its supplemental jurisdiction and to remand the remaining
15 state law claims to state court." Perez v. Wells Fargo Bank, N.A., 929 F.Supp.2d 988, 1001
16 (N.D. Cal. 2013).

17 The court's discretion to decline jurisdiction over state law claims is informed by the
18 values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc.,
19 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and
20 [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are
21 eliminated before trial, the balance of factors . . . will point toward declining to exercise
22 jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-
23 Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Satey v. JP Morgan Chase &
24 Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of
25 the remaining state law claims is not mandatory).

26 Of course, "primary responsibility for developing and applying state law rests with the
27 state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010
28 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness,

3

convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the amended complaint's state law claims and that this matter be remanded.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's May 8, 2024 motion to dismiss (ECF No. 4) is denied without prejudice to renewal as having been rendered moot[2];

2. Plaintiff Kathleen Chambers' May 16, 2024 motion to proceed in forma pauperis (ECF No. 9) is denied without prejudice as having been rendered moot;

3. Plaintiff Joel Brendon Jacobs' May 16, 2024 motion to proceed in forma pauperis (ECF No. 10) is denied without prejudice as having been rendered moot;

4. Plaintiffs' May 22, 2024 motion for sanctions (ECF No. 12) is denied without prejudice as having been rendered moot; and

5. Defendant's May 30, 2024 motion to dismiss (ECF No. 15) is denied without prejudice to renewal as having been rendered moot.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' May 16, 2024 motion to remand (ECF No. 8) be granted; and

2. This action be remanded to the Placer County Superior Court.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, defendant may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Defendant is advised that failure to file

////

---

[2] The undersigned will deny this, and the parties' other pending motions, without prejudice to renewal.  In the event these findings and recommendations are not adopted in full, the parties may re-notice their motions for hearing before the undersigned.

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 4, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\jacobs1143.remand.f&rs